IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WRIGHT TRANSPORTATION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:13-00352-N |
| ) | |
| PILOT CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

This action is before the Court on defendants' motion (doc. 7) to temporarily stay all proceedings in the above captioned action pending final approval of the nationwide class settlement filed in National Trucking Financial Reclamation Services, LLC, et al. v. Pilot Corp. et al., No. 4:13-cv-00250, in the United States District Court for the Eastern District of Arkansas, or pending a determination by the Judicial Panel on Multidistrict Litigation ("JPML") that this and other related actions should be consolidated and transferred pursuant to 28 U.S.C. § 1407. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(a) and (b) and Standing Order 6 of this Court. Upon consideration of the motion (doc. 7), plaintiff's response in opposition thereto (doc. 12), defendants' reply (doc. 13) and all other pertinent portions of the record, it is **ORDERED** that the motion to stay is hereby **DENIED.**

This action is one of many actions brought in federal and state courts throughout the country alleging that the defendants have withheld rebates or discounts owed to their customers based on contracts for the purchase of diesel fuel. Defendants allege three reasons why they propose that this action should be stayed:

> 1.  [I]f approved, and to the extent Plaintiff does not-opt out of the settling class, the Global Settlement [cited above] will resolve and extinguish all the claims asserted in the present case. In such circumstances, it would not serve judicial economy or promote the just and efficient conduct of the litigation to allow this action to proceed any further at this juncture.
>
> 2.  [E]ven if the Global Settlement does not ultimately extinguish the claims here, the present case should be temporarily stayed pending the Fairness Hearing to allow for coordination and possible consolidation with any remaining Pilot Actions.
>
> 3.  [T]he potential conflicts with and interference from the parallel criminal investigation into the allegations underlying Plaintiff's claims also weigh in favor of a temporary stay.

(Doc. 13 at 2).    Plaintiff argues, in sum, that it is prejudiced by any delay in obtaining the discovery necessary to evaluate the settlement proposal and that defendants have demonstrated thus far that they "are well able to speak and defend themselves, as well as access relevant customer information."  (Doc. 12 at 10).   Defendants do not dispute that the amount of a customer's claim will be dependent on, *inter alia*, "the weighted [average price/volume throughout the month" and

> You gotta weight it, right?   It's not just an aggregate. If you bought 500 gallons in 30 days, unless you bought the exact same amount on each of the 30 days, that's the only way that average holds true.

Doc. 1-1 (Exh. A to Plaintiff's Complaint) at ¶ 69.   Nor do defendants dispute that they have unilaterally conducted an audit, contacted customers and begun to return monies due their customers plus interest prior to any purported settlement or agreement.   (Doc. 12 at 11).   Defendants thus appear to possess and are using, despite the criminal investigation, the information required by the plaintiff to evaluate a purported settlement.

"The District Court has broad discretion to stay proceedings as an incident to its

2

power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997); *see also* Dominguez v. Hartford Financial Services Group, Inc., 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); Utah v. Eli Lilly and Co., 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Defendants also contend that, "[w]hile the JPML ultimately declined to centralize the federal Pilot Actions for the time being because it could disrupt the settlement proceedings, the JPML's ruling clearly indicates that any federal Pilot Actions remaining after the Fairness Hearing, including this case, will likely be subject to centralization pursuant to 28 U.S.C. § 1407."  (Doc. 13 at 4). The mere possibility that this action might be subject to consolidation by the JPML is insufficient grounds to stay the action at this time.  Boudin v. ATM Holdings, Inc., 2007 WL 1841066, *1 (S.D. Ala. June 27, 2007); *see also* Jozwiak v. Stryker Corp., 2010 WL 147143, *2 (M.D. Fla. Jan. 11, 2010) ("a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL panel for transfer and consolidation") (citations omitted); Toppins v. 3M Co., 2006 WL 12993, *1 (E.D. Mo. Jan. 3, 2006) ("A court need not automatically stay a case merely because a

3

party has moved the MDL for transfer and consolidation.").

In this case, the undersigned finds that the Motion to Stay is premature. There is no reason why this action cannot move forward with preliminary steps in the interim. Regardless of the outcome of the proposed Global Settlement if the plaintiff here opts out or whether and where the JPML ultimately transfers this action for consolidated and coordinated pretrial proceedings, defendants will need to file answers or responsive pleadings. Should any of those defendants see fit to file Rule 12(b) motions, those motions will need to be briefed. Entering a stay at this juncture and under these circumstances would not rescue defendants from material hardship or the risk of inconsistent adjudications; after all, they must answer the Complaint anyway, and the likelihood of adjudication of any merits issues prior to "the fairness hearing scheduled for November 25, 2013" (doc. 13 at 6) appears quite slim. By all appearances, the only tangible effect of entering a stay at this time would be to allow defendants a reprieve before being required to answer the allegations brought by plaintiffs in the Complaint. Such a protracted delay appears both unnecessary and unwarranted. By contrast, it would benefit both the parties and the transferee court (assuming there is one) to have a clear picture of the issues joined and the defenses raised, with briefing of any threshold legal issues already completed, at the time of any transfer order by the MDL Panel.

For all of the foregoing reasons, it is **ORDERED** that defendants' motion to stay is hereby **DENIED**.

**DONE** this ___19th___ day of August, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**