**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**
**CIVIL ACTION NO. 14-MD-2515-ART**

**In Re: Pilot Flying J Rebate Contract Litigation (No. II)**

**MEMORANDUM ORDER**

Pursuant to Judge Thapar's February 13, 2015 minute entry order (doc. 168), in lieu of filing a formal discovery-related motion plaintiff FST Express, Inc. ("FST") instead has asked the Court via email to resolve discovery disputes regarding a Rule 30(b)(6) deposition. Counsel for defendant Pilot Corporation (and related entities) ("Pilot") has responded via email.

The initial dispute is over scheduling of the Rule 30(b)(6) deposition. FST has noticed a deposition for March 23, 2015; Pilot contends that March 23 date is not firm. Both parties have indicated some flexibility in the precise timing of the deposition, and the Court is confident the parties can agree on a mutually acceptable date/time for the deposition without further involvement by the Court. Therefore, the Court determines that the deposition may go forward on March 23, 2015 if that time is mutually agreeable; otherwise, the Rule 30(b)(6) deposition may be held at a later date and time mutually agreeable to the parties, so long as the deposition occurs no later than March 31, 2015.

The first main dispute involves whether FST will be able to later depose the Rule 30(b)(6) representative in his/her individual capacity. Pilot asserts the matter is not ripe because no such individual deposition has been scheduled; FST asserts it needs the Court's guidance now so it can properly inquire of the witness at the Rule 30(b)(6) deposition.

There is nothing inherently improper about the same person being deposed both as a Rule 30(b)(6) representative and in his/her individual capacity. Courts have rejected arguments that

1

such dual depositions are duplicative, mainly because the purposes of the Rule 30(b)(6) and individual depositions are different and an individual deposition is not similarly binding on a corporate defendant as is a Rule 30(b)(6) deposition.  *See, e.g., Smith v. General Mills, Inc.*, 2006 WL 7276959, at *5  (S.D. Ohio April 13, 2006) ("Courts have soundly rejected GMO's argument that prior deposition testimony from individual fact witnesses relieves a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition."); *Commodity Futures Trading Com'n v. Midland Rare Coin Exchange, Inc.*, 1999 WL 35148749, at *3 (S.D. Fla. July 30, 1999) ("It is also clear that under both Local Rule 26.1.K, and Rule 30 of the Federal Rules of Civil Procedure, Plaintiff has the right to depose Modist for six hours in a deposition under 30(b)(6), and subsequently depose Modist under 30(b)(1) in his individual capacity for an additional six hours. As Plaintiff has noted, the depositions serve distinct purposes, impose different obligations on Defendant Global, and involve different ramifications.").   The Court, therefore, finds that FST generally is entitled to depose the same person in both a Rule 30(b)(6) representative capacity and in his/her individual capacity.  However, as with any deposition, Pilot retains the right to raise specific objections (on grounds of privilege, etc.) at the appropriate time.

Finally, FST asks the Court to preemptively permit it to later take a second Rule 30(b)(6) deposition of Pilot on topics not addressed in the first deposition.  Rule 30(A)(2)(a)(ii) requires leave of Court to depose a person a second time, and that subsection has been applied in the Rule 30(b)(6) deposition context.  *See, e.g., In re Sulfuric Acid Antitrust Litigation*, 2005 WL 1994105, at *1 (N.D. Ill. Aug. 19, 2005) ("The defendants contend that they had no obligation to obtain leave of court to conduct a second set of Rule 30(b)(6) depositions. In their view, Rule

30(a)(2)(B) does not apply to Rule 30(b)(6) depositions, especially where the second deposition relates to different topics than the first. The argument ignores the text, history, and purpose of the 1993 Amendment to Rule 30."). Therefore, the Court declines to grant FST blanket preapproval to take a second Rule 30(b)(6) deposition. Instead, FST must seek leave of Court in order to take a second Rule 30(b)(6) deposition. The Court will address any objections to a second Rule 30(b)(6) deposition if and when FST seeks leave of Court to take such a deposition.

Accordingly,

**IT IS ORDERED:**

1. The Rule 30(b)(6) deposition of Pilot at issue may be taken before March 31, 2015 at whatever time is mutually agreeable to the parties; and

2. FST is generally permitted to later depose the Rule 30(b)(6) deponent in his/her individual capacity, subject to any specific, valid objections Pilot may later raise; and

3. FST must obtain leave of Court before taking any second or subsequent Rule 30(b)(6) depositions.

This the 20th day of March, 2015.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge